IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON W. GREYBUFFALO,

                Plaintiff,

v.

GARY BOUGHTON, JAMES LABELLE,
JOLINDA WATERMAN, SANDRA
MCARDLE and NURSE TRACY,

                Defendants.

ORDER

18-cv-776-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Johnson W. Greybuffalo is proceeding on claims that prison staff at the Wisconsin Secure Program Facility failed to provide him adequate treatment for his severe back pain. The Wisconsin Department of Justice has accepted service on behalf of all of the defendants except defendant Sandra McArdle. Because plaintiff paid the full $400 filing fee and is not proceeding in forma pauperis, 28 U.S.C. § 1915(d) does not require that the court effect service on plaintiff's behalf. Thus, on December 3, 2018, the court directed plaintiff to attempt to serve McArdle on his own. Dkt. #7.

      Plaintiff has now filed a motion for court assistance in completing service. Dkt. #12. He has submitted evidence showing that he attempted to complete service by mailing a waiver of service form to McArdle, which she did not return, and by attempting to contact her at the Wisconsin Secure Program Facility where she works, without success. Dkt. ##10, 13. Generally, a plaintiff who is not proceeding in forma pauperis under 28 U.S.C. § 1915 must accomplish service on his own by following one of the procedures outlined in the

1

instructions provided by the court. Dkt. #8-2. However, in light of the challenges posed by plaintiff's pro se status and incarceration, I will consider his request for court assistance in accomplishing service.

Under Rule 4(c)(3) of the Federal Rules of Civil Procedure, this court has the discretion to order that service be made by the United States Marshals Service, even though plaintiff has paid the filing fee. Koger v. Bryan, 523 F.3d 789, 803 (7th Cir. 2008). However, because plaintiff has not requested to proceed in forma pauperis, it appears that he may have the ability to pay for the cost of service. The Marshals Service anticipates that the cost of serving defendant McArdle will be approximately $282. Therefore, if plaintiff wishes the Marshals Service to serve the summons and complaint on McArdle, he must either (1) send a check payable to the U.S. Marshals Service for $282 or (2) file a motion for leave to proceed in forma pauperis, accompanied by a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. After the court either receives a check from plaintiff for $282 or a trust fund account statement showing that he is indigent, I will order the Marshals Service to serve McArdle. Alternatively, plaintiff may choose to accomplish service himself by following one of the procedures set forth in Dkt. #8-2.

ORDER

IT IS ORDERED that plaintiff Johnson Greybuffalo may have until April 24, 2019 to accomplish service on Sandra McArdle by one of the following three methods: (1) submit

a check payable to the U.S. Marshals Service for $282; (2) file a trust fund account statement with the court for the period beginning approximately March 1, 2018 to September 1, 2018; or (3) file proof of service as to defendant Sandra McArdle. If, by April 24, 2019, plaintiff fails to respond to this order, I will dismiss his claims against McArdle for his failure to serve her.

Entered this 3d day of April, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge